<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mariam Bzadogh,<br><br>    Plaintiff,<br><br>v.<br><br>.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 14-01605 (SDW) (SCM)<br><br>**OPINION**<br><br>February 6, 2015 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Mariam Bzadogh's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), with respect to Administrative Law Judge Joel H. Friedman's ("ALJ" or "ALJ Friedman") denial of Plaintiff's application for Child's Insurance Benefits under Title II of the Social Security Act (the "Act").

This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Venue is proper under 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth in this Opinion, this Court **AFFIRMS** the Commissioner's decision, as it was supported by substantial evidence.

**I. BACKGROUND**

**A. Procedural History**

On July 14, 2009, Plaintiff filed an application for Child's Insurance Benefits ("CIB"). (Tr. 123.) On September 30, 2009, Plaintiff received a Notice of Disapproval of her application. (Tr. 70.) On Oct 14, 2009, Plaintiff submitted a Request for Reconsideration. (Tr. 75.) In an undated letter, Plaintiff received notice that her Request for Reconsideration was denied. (Tr. 81.)

On September 20, 2011, Plaintiff submitted a Request for a Hearing, which was held on June 26, 2012. (Tr. 84; 93.) On August 27, 2012, ALJ Friedman issued his decision denying Plaintiff's application because Plaintiff "did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." (Tr. 22-28.) On August 30, 2012, Plaintiff submitted a letter to the Appeals Council appealing the decision. (Tr. 7.) On January 22, 2014, the Appeals Council affirmed the ALJ's decision. (Tr. 1.) Having exhausted her administrative remedies, Plaintiff filed the instant action on March 12, 2014. (Dkt. No. 1; Compl.)

**B. Factual Background**

Plaintiff was born on October 11, 1977. (Tr. 34.) Plaintiff was married in 2001, and divorced in 2008. (Tr. 26.) She has a six-year old child from the marriage. (*Id.*)

Plaintiff was born with cerebral palsy and was awarded Social Security Insurance ("SSI") benefits in July 2009. (Tr. 34; 383.) In 1983, Plaintiff's first grade teacher reported that Plaintiff "tried hard and had a positive attitude," but that Plaintiff had a short attention span and poor concentration." (Tr. 26.) Physical therapy records from January 26, 1984 indicate that Plaintiff

had "demonstrated improvement with her balance and coordination" and that Plaintiff had "shown progress in the area of weight shifting and weight bearing in all four extremities." (*Id.*) Two years later, the record indicates that "claimant was functioning within Low Average range of general intelligence and had significant weakness in language and memory." (*Id.*) In 1991, an Individualized Education Program conference with Plaintiff "indicated that while the claimant had a neuromuscular disorder, she was independent, mobile, developmentally age mature and social[ly] accepted . . . Reading decoding skills and comprehension were grade level . . . It was noted that she had learned to compensate for her neurological disorder very well and had no difficulty functioning in an academic environment; however, she was noted to be a slow worker who needed extra time to think and speak." (*Id.*)

By 1992, Plaintiff had decreased control of her abdominal muscles, "but had learned to compensate very well and was having no difficulty functioning in the academic environment." (*Id.*) By 1996, Plaintiff had been completely mainstreamed, and while she had some support, her program allowed for maximum participation in regular classes. (*Id.*) By the time Plaintiff reached the twelfth grade, "she had plateaued in the gross motor area and physical therapy was discontinued." (*Id.*)

For several summers when Plaintiff was in High School, Plaintiff "was employed through the [Parent Infant Center] program [where] she took care of children at a church day care center." (Tr. 268.) In 1999, Plaintiff attended Bergen County Community College ("BCCC"). (Tr. 41, 139.) Before she ceased attending college due to financial issues, Plaintiff drove herself to BCCC. (*Id.*) In 2005 and 2006, Plaintiff worked as a caregiver at a daycare, but stopped working when she became pregnant. (Tr. 43, 135-36.) In 2009, Plaintiff received a certificate in computers from the Fox Institute of Business. (Tr. 60.)

## II. DISCUSSION

### A. Standard of Review

This Court has Jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, the court is bound by the ALJ's findings of fact so long as those findings are supported by substantial evidence. *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Fargonli v. Halter*, 247 F.3d 34, 35 (3d Cir. 2001)).

### B. The Five-Step Disability Test

The Social Security Act gives the Social Security Agency authority to promulgate regulations that provide for the payment of a disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining the age of 22. 20 C.F.R. § 404.350. A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Social Security Act ("Act") if he is unable to

"engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 432(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his ailment have been "established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d) (5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis to determine disability under the Act. *See* 20 C.F.R. § 404.1520; *see also Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479-80 (3d. Cir. 2007). Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"), which is defined as work that involves doing significant and productive physical or mental duties for pay or profit. *See* 20 C.F.R. §§ 404.1520(b). If the claimant engages in SGA, he is not disabled for purposes of receiving social security benefits, regardless of the severity of his impairment(s). 20 C.F.R. § 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two. *Id.* § 416.920.

If the claimant establishes that she is not currently engaged in SGA, the ALJ then determines whether, under step two, the claimant suffers from a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. *Id.* § 416.921.

If a severe impairment or severe combination of impairments is not found, the claimant is not disabled. If the ALJ finds a severe impairment or combination of impairments, he then proceeds to step three, where he must determine whether the claimant's impairment(s) is equal to or exceeds one of those included in the Listing of Impairments in 20 C.F.R. Part 404 Subpart P, App. 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

Under step three, if an impairment or combination of impairments meets the statutory criteria of a listed impairment, as well as the duration requirement, the claimant is disabled, and entitled to benefits. *Id.* § 416.920(d). However, if the claimant's impairment(s) do not meet the severity of the listing impairment, or if the duration is not sufficient, the ALJ proceeds to the next step. *Id.* § 416.920(e).

Before undergoing the step four analysis, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *Id.* § 416.920(e). The ALJ considers all impairments in this analysis, not just those deemed severe. *Id.* §§ 404.1520, 416.920(e), 416.945; SSR 96-8p. After determining a claimant's RFC, the ALJ must determine, under the step four analysis, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(f). If the claimant is able to perform his past relevant work (or alternatively does not have past relevant work), he will not be found disabled under the Act.

If the claimant is unable to resume his past work, the disability evaluation proceeds to the fifth and final step. At step five, the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education, and work experience. *Id.* § 416.920(g). Unlike the first four steps of the analysis, where the claimant bears the burden of persuasion, if the

claimant establishes that his impairment prevents him from performing any of his past work, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987).

## C. Analysis

ALJ Friedman denied Plaintiff's claim at the second step, finding that "there is simply insufficient evidence to assess the severity of the claimant's impairment prior to the age of 22." (Tr. 27.)  As discussed below, this Court finds that the ALJ's determination was supported by substantial evidence.

At step one, the ALJ found that "[t]he claimant has not engaged in substantial gainful activity since October 11, 1977, the alleged onset date."  (Tr. 14.)  Since the ALJ found that Plaintiff did not engage in substantial gainful activity, the analysis moves on to step two.

At the second step, Plaintiff has the burden of proving that, before turning 22, her "claimed impairment or combination of impairments [was] severe." 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 146 n.5 (explaining that claimants bear the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five).  After examining medical records, school records, and Plaintiff's activities during the relevant period, the ALJ found that Plaintiff's cerebral palsy was non-severe before the age of twenty-two.  (Tr. 24-28.)

Impairments or combination of impairments are severe only when they place a significant limit on the claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  Basic work activities are the abilities and aptitudes necessary to do most jobs. Examples of basic work activities include "walking, standing sitting, lifting, pushing, pulling,

reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; [u]se of judgment . . . ." 20 C.F.R. § 404.1521(b)(1)-(4).

The ALJ appropriately accorded more weight to the state agency physicians over Plaintiff's primary care physician, Dr. Nil. (Tr. 27-28). State agency physicians' opinions "merit significant consideration." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). ALJs may reject a claimant's physicians' opinions when, among other things, they are contradicted by the physicians' own records. *Becker v. Comm'r of Soc. Sec.*, 403 F. App'x 679, 686 (3d Cir. 2010). An ALJ may also give a treating physician's opinion less weight if it is merely conclusory or unsupported by the medical evidence. *Jones*, 954 F.2d at 129; *see also* 20 C.F.R. § 404.1527(c)(3)-(4).

Here, after reviewing Plaintiff's medical and school records, Plaintiff's primary care doctor opined that Plaintiff "was unable to perform any gain full (sic) work prior to 22 years of age" and that Plaintiff had a learning disability and low IQ. (Tr. 27; 398-99.) Dr. Nil described seeing the Plaintiff "sporadically" before she turned twenty-two, but during that time Dr. Nil actually saw Plaintiff only in 1988 and 1992. (Tr. 337, 380.) Dr. Nil saw Plaintiff in 1988 after she "fell due to her unstable gait" and then in 1992 to write a prescription stating that Plaintiff needed transportation due to her medical condition. (Tr. 397, 398.) As a result, this Court finds that Dr. Nil's opinion regarding Plaintiff's inability to work prior to the age of twenty-two does not merit significant weight.

As the ALJ noted, Dr. Nil's opinion regarding Plaintiff's disability prior to attaining the age of twenty-two is contradicted by Plaintiff's daily activities at the time. (Tr. 27-28.) In particular, Plaintiff was able to drive herself to and from college and perform limited work caring

for children at a church day care during the summer. (Tr. 41, 139; 268.) The school record also indicates that Plaintiff was independent, mobile, developmentally mature, and socially accepted. (Tr. 155, 306, 309.) The ALJ also noted that the school records "were up to 1996 and shed little light on her ability to work as of 1999." (Tr. 26).

Moreover, after noting that Dr. Nil "is not a mental health professional," the ALJ properly discounted his July 13, 2012 opinion regarding Plaintiff's "learning disability and low IQ." (Tr. 27; 398). Not only are his treatment notes from 1988 and 1992 completely devoid of any mention of a mental impairment, Dr. Nil lacks the specialization to opine on Plaintiff's mental condition and IQ. (Tr. 27, 337, 380); *see* 20 C.F.R. § 404.1527(c)(5) (noting that the opinion of a specialist about a medical issue related to his area of specialty is given more weight). Although testing demonstrated that Plaintiff was functioning with the "Low Average Range general intelligence and had significant weakness in language development and memory," she took regular classes with some learning support and, by the time she graduated high school, she was completely mainstreamed in classes. (Tr. 168, 170, 178, 181, 186, 188, 195, 197, 204, 214, 266, 286, 289, 306.) Moreover, Plaintiff attended college until financial issues compelled her to withdraw. (Tr. 27.)

Plaintiff simply has not carried her burden of proving the severity of her disability prior to the age of twenty-two. The same medical opinions from the two state agency physicians, Drs. Micale and Briski, which supported Plaintiff's adult application for SSI benefits, found that there was insufficient medical evidence to determine the severity of Plaintiff's cerebral palsy before Plaintiff attained the age of twenty-two. (Tr. 322, 338-39, 383.) In light of the insufficient evidence to prove the severity of Plaintiff's cerebral palsy, the ALJ properly gave great weight to the opinions of Drs. Micale and Briski. (Tr. 28).

### III. CONCLUSION

Because this Court finds that the ALJ's decision is supported by substantial evidence in the record, the Commissioner's disability determination is **AFFIRMED**. An appropriate order will follow.

s/ Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:         Parties
            Magistrate Judge Steven C. Mannion